*1044 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the case remitted to the Appellate Division for consideration of issues raised but not determined on the appeal to that Court and the certified question answered in the negative.
Plaintiff ACA Financial Guaranty Corp. commenced this action against defendant Goldman, Sachs & Co., alleging that defendant fraudulently induced plaintiff to provide financial guaranty for a synthetic collateralized debt obligation, known as ABACUS. In its complaint, plaintiff alleges that defendant fraudulently concealed the fact that its hedge fund client Paulson & Co., which selected most of the portfolio investment securities in ABACUS, planned to take a “short” position in ABACUS, thereby intentionally exposing plaintiff to substantial liability; had plaintiff known this information, it would not have agreed to the guaranty.
Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), contending, among other things, that plaintiff failed to sufficiently plead the “justifiable reliance” element of its fraud in the inducement and fraudulent concealment claims. Supreme Court denied the motion, but the Appellate Division reversed the order, granted defendant’s motion and dismissed the amended complaint. We now reverse.
To plead a claim for fraud in the inducement or fraudulent concealment, plaintiff must allege facts to support the claim that it justifiably relied on the alleged misrepresentations. It is well established that
“if the facts represented are not matters peculiarly within the [defendant’s] knowledge, and the [plaintiff] has the means available to [it] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, [the plaintiff] must make use of those means, or [it] will not be heard to complain that [it] was induced to enter into the transaction by misrepresentations” (Schumaker v Mather, 133 NY 590, 596 [1892]; see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154 [2010]).
Moreover, “when the party to whom a misrepresentation is made has hints of its falsity, a heightened degree of diligence is required of it. It cannot reasonably rely on such representations without making additional inquiry to determine their ac *1045 curacy” (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 279 [2011], quoting Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 100 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Nevertheless, the question of what constitutes reasonable reliance is not generally a question to be resolved as a matter of law on a motion to dismiss (DDJ Mgt., LLC, 15 NY3d at 156).
In its complaint, plaintiff alleges that it sought assurances from defendant about Paulson’s role in ABACUS. Specifically, plaintiff alleges that it emailed defendant asking how Paulson intended to “participate” in the transaction. Plaintiff further alleges that defendant affirmatively misrepresented to plaintiff that Paulson would be the equity investor in ABACUS. Thus, at this pleading stage, plaintiff has sufficiently alleged justifiable reliance.
Contrary to defendant’s claim, our holding in Centro Empresarial Cempresa S.A. (17 NY3d 269) does not impose a duty on plaintiffs to insist on a “prophylactic provision” in agreements. Centro involved a release that accompanied a multimillion-dollar purchase agreement (see id. at 274). The plaintiffs in Centro “knew that defendants had not supplied them with the financial information to which they were entitled, triggering ‘a heightened degree of diligence’ ” (Pappas v Tzolis, 20 NY3d 228, 232-233 [2012], quoting Centro Empresarial Cempresa S.A., 17 NY3d at 279). Despite this knowledge, the plaintiffs in Centro neither insisted on a prophylactic provision nor exercised due diligence by seeking the information to which they were entitled. Unlike in Centro, plaintiff here claims that defendant knew that Paulson was taking a position contrary to plaintiff’s interest, but withheld that information, despite plaintiff’s inquiries. Further, unlike the release in Centro, there was no written agreement between plaintiff and defendant in which a “prophylactic provision” could have been inserted.
Accepting the allegations of the complaint as true and providing plaintiff the benefit of every possible favorable inference as we must do on a motion to dismiss (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]), plaintiff has sufficiently pleaded justifiable reliance for the causes of action for fraud in the inducement and fraudulent concealment. Additionally, defendant failed to submit documentary evidence that conclusively established the lack of justifiable reliance (see CPLR 3211 [a] [1]).