■ AOZORA BANK, LTD., Appellant, v J.P. MORGAN SECURITIES LLC et al., Respondents. [39 NYS3d 784]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 23, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claims of fraud and breach of the implied covenant of good faith and fair dealing, unanimously reversed, on the law, with costs, and the motion denied.

Plaintiff adequately stated a claim for fraud. Defendants failed to show that plaintiff's reliance on statements that the collateral manager would select collateral independently was unreasonable as a matter of law (*see generally ACA Fin. Guar. Corp. v Goldman, Sachs & Co.*, 25 NY3d 1043, 1045 [2015]). The complaint alleges that plaintiff, while aware or on notice of the concentration of Bear Stearns underwritten assets in the collateralized debt obligation (CDO) at issue, was unaware of how this compared to other CDOs generally or those managed by the same collateral manager. On this motion, defendants have not shown that the disclaimers in the offering documents put plaintiff on notice that defendants had already colluded with the collateral manager to accept into the CDO toxic assets

---

from Bear Stearns's own balance sheet (*see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc.*, 115 AD3d 128, 139 [1st Dept 2014]). The complaint, while in part pleaded on information and belief, had sufficient facts to support the reasonable inference of fraud and scienter (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]). Given defendants' alleged knowledge of the toxicity of the assets going into the CDO, the fact that the assets technically met the criteria for eligibility in the offering materials did not, as a matter of law, make the representation of the assets as "high grade" true (*see NRAM PLC v Societe Generale Corporate & Inv. Banking*, 2014 NY Slip Op 32155[U], *9-10, *15-16 [Sup Ct, NY County 2014]).

Plaintiff adequately stated a claim for breach of the duty of good faith and fair dealing, given the allegation that defendants subverted the collateral manager to favor the interest of Bear Stearns, and given that many of the CDO's assets were purchased after plaintiff's investment (*see Aozora Bank, Ltd. v Credit Agricole Corporate & Inv. Bank*, 2015 NY Slip Op 31426[U], *17 [Sup Ct, NY County 2015]).

We note that the court did not reach any statute of limitations arguments. Concur—Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.