■ Loreley Financing (Jersey) No. 3, Limited, et al., Respondents, v Morgan Stanley & Co. Incorporated et al., Appellants, et al., Defendants. [47 NYS3d 252]—

Orders, Supreme Court, New York County (Jeffrey K. Oing, J.), entered July 29, 2016, which, to the extent appealed from, denied the motions of defendants Morgan Stanley & Co. LLC (formerly know as Morgan Stanley & Co. Inc.), Morgan Stanley & Co. International plc (formerly know as Morgan Stanley & Co. International Ltd.), Morgan Stanley Capital Services Inc., Countrywide Alternative Asset Management Inc., and Countrywide Securities Corp. (defendants) to dismiss plaintiffs' fraud claim, unanimously affirmed, with costs.

Defendants contend that plaintiffs cannot establish justifiable reliance because they failed to make any inquiry after receiving the final offering memorandum, which warned, "Delinquencies and losses on, and claims for repurchase of, mortgage loans originated by some mortgage lenders have . . . resulted from fraudulent activities of borrowers, lenders and

appraisers[,] including misstatements of income and employment history . . . and overstatements of the appraised value of mortgage properties." However, a plaintiff is required to make "additional inquiry" only if it "has hints of [a misrepresentation's] falsity" (*ACA Fin. Guar. Corp. v Goldman, Sachs & Co.*, 25 NY3d 1043, 1044 [2015] [internal quotation marks omitted]). The disclosure in the final offering memorandum would not have given plaintiffs hints of the falsity of defendants' representation that defendant Countrywide Alternative Asset Management "would employ a detailed, loan-level, credit-driven analysis to select only the best collateral eligible for" the deal in question. On the contrary, plaintiffs allege, "Countrywide had repeatedly represented that the 'difficulties' of 'some mortgage lenders' did not include Countrywide and that Countrywide was uniquely equipped [to] analyze and recognize—and thus avoid—such issues in the collateral that it would select."

In a footnote in their reply brief, defendants contend that their statements about Countrywide were mere puffery. Assuming that this contention can be considered, we find it unavailing. Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.