Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC (2019 NY Slip Op 08009)





Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC


2019 NY Slip Op 08009


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10284A 651657/17 10284

[*1] Atlas MF Mezzanine Borrower, LLC, etc., Plaintiff-Respondent,
v
Macquarie Texas Loan Holder LLC, etc., Defendant, KKR REPA AIV-2 L.P., etc., et al., Defendants-Appellants.


Quinn Emanuel Urquhart & Sullivan LLP, New York (Sanford I. Weisburst of counsel), for appellants.
Meister Seelig & Fein, New York (Stephen B. Meister of counsel), for respondent.



Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered November 14 and 23, 2018, which, inter alia, granted plaintiff's motion to dismiss defendants-respondents' (defendants) counterclaim for fraud, unanimously affirmed, with costs.
Plaintiff's statement that its required deposit check was "on its way" was an actionable statement of present fact, not of future expectation (cf. GE Oil & Gas, Inc. v Turbine Generation Servs., L.L.C., 168 AD3d 563, 564 [1st Dept 2019]). However, defendants' allegations are insufficient to show reasonable reliance as a basis to continue bidding against plaintiff, where the fact that the check was not there was disclosed, the auctioneer disqualified plaintiff from bidding, and when the auctioneer later allowed bidding he stated that he was making "an exception" from the bidding procedures to allow plaintiff to bid (ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044 [2015] [internal quotation marks omitted]).
Nor do defendants' allegations that they reasonably relied on some implied representation about plaintiff's financial condition fare any better. By their own admission, defendants knew that plaintiff had defaulted on the underlying debt, that it had failed to tender the required deposit check for the auction, and that it was bidding more than the amount of the underlying debt. Based on this information, defendants ceased bidding some 15 minutes into the auction. Defendants do not allege they obtained any further information before making the decision to stop bidding. They had all the information necessary to determine that plaintiff likely did not have the ability to close.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK