Unique Goals Intl., Ltd. v Finskiy (2019 NY Slip Op 09381)





Unique Goals Intl., Ltd. v Finskiy


2019 NY Slip Op 09381


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10660 655692/17

[*1] Unique Goals International, Ltd., et al., Plaintiffs-Appellants,
v
Maxim Finskiy, et al., Defendants-Respondents.


Rosenfeld & Kaplan, LLP, New York (Tab K. Rosenfeld of counsel), for appellants.
Shutts & Bowen LLP, Tallahassee, FL (Daniel E. Nordby of the bar of the State of Florida, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about November 2, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the claims for fraud and conspiracy to commit fraud, unanimously affirmed, with costs.
The complaint alleges that plaintiffs — three entities controlled by nonparty Sergey Yanchukov, a wealthy Russian businessman — were fraudulently induced by defendants — Maxim Finskiy, also a wealthy Russian businessman, and several entities under his control or otherwise affiliated with him — to purchase defendants' controlling interest in White Tiger Gold, Ltd. (White Tiger), a gold-mining company. In summary, plaintiffs allege that defendants misled them about White Tiger's financial condition and the gold reserves of its mines, principally by means of (1) Finskiy's oral statements to his personal friend Yanchukov, (2) a false report publicly filed pursuant to the securities laws of Canada (where White Tiger was listed on the Toronto Stock Exchange), and (3) false information provided to a consulting firm engaged by plaintiffs to prepare a report for them on White Tiger. The complaint does not allege, however, that plaintiffs undertook an independent due diligence inquiry to verify defendants' claims about White Tiger. Specifically, before closing the transaction, plaintiffs conducted neither their own review of White Tiger's books and records nor their own geological survey of White Tiger's mining properties. On the contrary, the complaint alleges that "plaintiffs were deceived into taking immediate action [in March and April of 2013] . . . to buy defendants out of White Tiger" by Finskiy's representation that there existed an imminent prospect of the seizure of White Tiger's assets by a major creditor, which creditor, Finskiy claimed, "had withheld funding to create an exigency."
After the deal closed, an audit commissioned by plaintiffs revealed that $30 million of White Tiger's cash, which had been reported as having been used to pay for drilling, had been misappropriated. The audit further revealed that White Tiger's management had paid itself excessive bonuses. In addition, a post-closing geological survey of White Tiger's only operating gold mine commissioned by plaintiffs revealed that the previous management had substantially overstated both the amount of ore stored at the mine and the mine's provable gold reserves. Plaintiffs learned that the mine's remaining "life" was only four years, which was insufficient to generate enough ore to pay off White Tiger's major creditor.
We affirm the dismissal of the fraud cause of action on the ground that the complaint fails to plead the element of justifiable reliance (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044 [2015] [if a plaintiff has failed to make use of "the means available to it of knowing, by the exercise of ordinary intelligence, the truth or real quality of the subject of the representation," that plaintiff "will not be heard to complain that it was induced to enter into the transaction by misrepresentations"] [internal quotation marks and brackets omitted]; DDJ Mgt., [*2]LLC v Rhone Group L.L.C., 15 NY3d 147, 154-155 [2010] [a sophisticated investor claiming to have been defrauded must allege that it took reasonable steps to protect itself against deception]; VisionChina Media Inc. v Shareholder Representative Servs., LLC, 109 AD3d 49, 57 [1st Dept 2013] ["(s)ophisticated investors must show they used due diligence and took affirmative steps to protect themselves from misrepresentations by employing what means of verification were available at the time"]). Here, the financially sophisticated investors do not allege that they conducted due diligence to verify defendants' representations about White Tiger's financial condition and gold reserves, or even sought to do so, even though they were aware that White Tiger was experiencing financial difficulties. Accordingly, the complaint fails to state a legally sufficient cause of action for fraud (see RKA Film Fin., LLC v Kavanaugh, 171 AD3d 678 [1st Dept 2019]; MP Cool Invs. Ltd. v Forkosh, 142 AD3d 286, 291-292 [1st Dept 2016], lv denied 28 NY3d 911 [2016]; MAFG Art Fund, LLC v Gagosian, 123 AD3d 458, 459 [1st Dept 2014], lv denied 25 NY3d 901 [2015]).
In view of the foregoing, the court also properly dismissed plaintiffs' cause of action for conspiracy to commit fraud (see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK