Artemus USA LLC v Paul Kasmin Gallery, Inc. (2019 NY Slip Op 09391)





Artemus USA LLC v Paul Kasmin Gallery, Inc.


2019 NY Slip Op 09391


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10671 156295/18

[*1] Artemus USA LLC, Plaintiff-Respondent,
v
Paul Kasmin Gallery, Inc., Defendant-Appellant.


Frankfurt Kurnit Klein & Selz, P.C., New York (Amelia K. Brankov of counsel), for appellant.
Walden Macht & Haran LLP, New York (Jim Walden of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 14, 2018, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
The complaint asserts a claim for fraud based on defendant's alleged materially false representations in certain invoices. It alleges that defendant sold a 60% interest in an artwork by Frank Stella entitled La Scienza della Fiacca to nonparty Antole Shagalov for $430,000, and that, two years later, when plaintiff was conducting due diligence in connection with purchasing La Scienza and three other artworks from Shagalov, defendant provided Shagalov with a backdated invoice that indicated that Shagalov would acquire full title to La Scienza upon payment of the $430,000. The complaint alleges that Shagalov made defendant aware that the invoice was either for itself or for a potential purchaser. Thereafter, at Shagalov's request, defendant provided a second backdated invoice, which included a previously omitted resale certificate number and showed the purchaser as Shagalov's company, rather than Shagalov personally. After completing due diligence, plaintiff and Shagalov entered into a transaction that plaintiff characterized as a "sale-leaseback," wherein plaintiff purchased four artworks, including La Scienza, for $3.4 million, and leased those artworks back to Shagalov, with a repurchase option for Shagalov. Subsequently, defendant filed a UCC-1 financing statement on La Scienza, and Shagalov commenced an action alleging, inter alia, that plaintiff violated his rights under article 9 of the UCC by trying to dispose of the artwork. In an appeal in the Shagalov action, this Court affirmed the grant of a preliminary injunction enjoining plaintiff from selling, transferring or disposing of, inter alia, La Scienza (see Shagalov v Edelman, 161 AD3d 455, 456 [1st Dept 2018]).
Plaintiff's allegations are sufficient to permit the inference that defendant intended that the fraudulent invoices would be provided to potential purchasers or lessors (see Ultramares Corp. v Touche, 255 NY 170, 187 [1931]; see also Credit Alliance Corp. v Arthur Andersen & Co., 65 NY2d 536, 547 [1985]). While the allegations concerning Shagalov's direct statements to defendant about the necessity of the invoices were made "upon information and belief," additional alleged facts, such as the timing of defendant's furnishing of the invoice and its accommodation to Shagalov's requests for revisions, support the inference that defendant knew the purpose and the recipient of the invoices (see Aozora Bank, Ltd. v J.P. Morgan Sec. LLC, 144 AD3d 440, 441 [1st Dept 2016]).
The complaint also adequately alleges that defendant's misrepresentations induced plaintiff to enter into the "sale-leaseback" transaction with Shagalov and that they directly caused plaintiff's loss (see Basis PAC-Rim Opportunity Fund [Master] v TCW Asset Mgt. Co., 149 AD3d 146, 149 [1st Dept 2017], lv denied 30 NY3d 903 [2017]). Plaintiff alleges that it would not have entered into the transaction had it known that defendant's invoices falsely represented Shagalov's ownership of La Scienza. It further alleges that the misrepresentation of Shagalov's 100% ownership interest directly caused it to pay more than it would have paid for a 60% interest, and that it incurred costs in uncovering the truth after defendant filed its UCC-1. [*2]Accepted as true on this motion to dismiss, these allegations are sufficient to sustain plaintiff's claim that it may be entitled to recover some of its litigation costs in the Shagalov action as damages because it would not have incurred those costs had it not been for defendant's alleged fraud.
We have considered defendant's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK