Cestone v Johnson (2020 NY Slip Op 00495)





Cestone v Johnson


2020 NY Slip Op 00495


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10849 155070/17

[*1] Maria A. Cestone, Plaintiff-Appellant,
v
Sarah Johnson, et al., Defendants-Respondents, Christopher Woodrow, Defendant.


Schenck, Price, Smith & King LLP, New York (Ryder T. Ulon of counsel), for appellant.
Judd Burstein, P.C., New York (G. William Bartholomew of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovitz, J.), entered on or about March 6, 2018, to the extent it granted defendants Sarah Johnson and Holly Bartlett Johnson's CPLR 3211(a)(7) motion to dismiss the causes of action for fraud in the inducement, fraud, conspiracy to commit fraud, and aiding and abetting fraud, unanimously affirmed, without costs.
This action arises from a loan made by defendant Holly Bartlett Johnson (Holly) to nonparty Worldview Entertainment Holdings Inc. (Worldview). Plaintiff Maria Cestone claims that Holly and her sister, Sarah Johnson (Sarah), fraudulently induced her into purchasing the note that memorialized a loan, by failing to disclose that Sarah, a guarantor on the loan, had already repaid Holly the loan prior to the purchase.
The court properly dismissed the fraud-based claims based on paragraph 6(b) of the note purchase agreement, which specifically disclaimed reliance on the alleged misrepresentation or omission that plaintiff now claims had defrauded her (see Danaan Realty Corp. v Harris, 5 NY2d 317, 320-321 [1959]). Under that provision, plaintiff represented that she had "adequate information concerning the business and financial condition of Borrower [Worldview] and . . . guarantor under the Note" and "independently and without reliance upon Seller . . . made her own analysis and decision to enter into this Agreement." She also disclaimed reliance on "any documents or other information regarding the credit, affairs, financial condition or business of or any other matter concerning the Borrower or any obligor."
Further, the alleged misrepresentation or omission regarding Sarah's repayment of the loan was not "peculiarly within" defendants' knowledge (see Loreley Fin. [Jersey] No. 3 Ltd. v Citigroup Global Mkts. Inc., 119 AD3d 136, 143 [1st Dept 2014]; Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 137 [1st Dept 2014]). Plaintiff, who was admittedly the sole director of Worldview, as well as the chair of Worldview's sole shareholder, Worldview Entertainment Holdings LLC, occupied a position that afforded her reasonable access to information about Worldview's finances, including whether the loan had been repaid by Sarah as the guarantor, before plaintiff purchased the note. Plaintiff cannot argue justifiable reliance on defendants' misrepresentation or omission where she had the means available to ascertain the status of the loan (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044 [2015]; HSH Nordbank AG v UBS AG, 95 AD3d 185, 194-195 [1st Dept 2012]).
In any event, the disclaimer aside, dismissal of the fraud claims is warranted on the alternative ground that plaintiff's contention that the note had been satisfied in advance of her purchase of it is "wholly speculative" (Katz 737 Corp. v Cohen, 104 AD3d 144, 151 [1st Dept 2012], lv denied 21 NY3d 864 [2013]). Plaintiff has not attempted to collect payment from any [*2]of the remaining guarantors, or from the borrower, Worldview, itself.
In view of the foregoing, we need not reach the parties' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK