Chadha v Wahedna (2022 NY Slip Op 04089)

Chadha v Wahedna

2022 NY Slip Op 04089

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Renwick, J.P., Kern, Kennedy, Mendez, Higgitt, JJ. 

Index No. 652818/20 Appeal No. 16175 Case No. 2021-02705 

[*1]Nilish Chadha, Individually And Derivatively on Behalf of Wahed Inc., etc., Plaintiff-Appellant,
v
Junaid Wahedna et al., Defendants-Respondents.

Goldberg Segalla LLP, New York (Adam S. Katz of counsel), for appellant.
Lowenstein Sandler LLP, New York (Gavin J. Rooney and Craig Dashiell of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about May 28, 2021, which granted defendants' motion to dismiss the amended complaint, unanimously modified, on the law, to deny the motion as to plaintiff's claims that (i) he was owed approximately $30,000 in accrued salary for the period through November 2016, (ii) defendants failed to pay him $50,000 of the $650,000 owed under the stock repurchase agreements between himself and defendant Wahed Inc., (iii) defendant Junaid Wahedna improperly charged him approximately $125,000 in brokerage fees for the sale/repurchase of his shares, and (iv) the bonus that Wahedna received in July 2017 should have been shared with him, and otherwise affirmed, without costs.
Plaintiff alleges that defendants engaged in a fraudulent scheme to buy his shares in Wahed Inc. at deeply discounted values by fraudulently inducing him to enter into a series of stock repurchase agreements, misrepresenting the value of his shares, and, in breach of fiduciary duties owed to him, failing to disclose higher share prices that were being negotiated with third-party investors at the time. Plaintiff also alleges that he and Wahed eventually entered into a settlement agreement and release (the release), but that he is excused from performance of the release because defendants were in material breach when they failed to pay $50,000 due to him under the agreement's terms. Plaintiff also alleges that the release was the result of overreaching or unfair circumstances. We find that Supreme Court improperly granted that branch of the defendants' motion, pursuant to CPLR 3211 (a) (1),(5) and (7), to dismiss the complaint as barred by the release.
Supreme Court correctly dismissed plaintiff's claim that he was fraudulently induced into signing the stock repurchase agreements, as the element of justifiable reliance is not present. On the contrary, plaintiff cannot have justifiably relied on Wahedna's alleged misrepresentations because, in each stock repurchase agreement, plaintiff represented and warranted that he had all the information he needed to decide whether to sell his shares (see Cestone v Johnson, 179 AD3d 557, 558 [1st Dept 2020]; New York City Educ. Constr. Fund v Verizon N.Y. Inc., 114 AD3d 529, 530 [1st Dept 2014]). Further, plaintiff was the Chief Operating Officer and a director of Wahed, so the value of Wahed, and whether plaintiff owed it a debt, were not facts peculiarly within Wahedna's knowledge (see Cestone, 179 AD3d at 558). Therefore, because we decline to unwind the stock repurchases, plaintiff's claims that are based upon his status as a shareholder were properly dismissed.
Plaintiff's argument that defendants materially breached the release, thus excusing him from performance, is improperly raised for the first time on appeal, and therefore is unpreserved for our review (see Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545 [1st Dept 2013]). Nevertheless, the amended [*2]complaint, along with the affirmation plaintiff submitted in opposition to defendants' motion, sufficiently alleges that the release was the result of overreaching or unfair circumstances. A court must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87—88 [1994]). Under the alleged facts, the affirmative defense of the release does not entirely bar plaintiff's action at this stage of the litigation. "[I]t is inequitable to allow a release to bar a claim where. . .it is alleged. . .that it was the result of overreaching or unfair circumstances" (Bloss v Va'ad Harabonim of Riverdale, 203 AD2d 36, 40 [1st Dept 1994]; see e.g. Paulino v Braun, 170 AD3d 506 [1st Dept 2019] [The nature of the relationship between the parties and the disparity between consideration received and fair value of plaintiff's claim raised issue of fact as to the validity of the release]). Thus, plaintiff may still pursue his individual claims to the extent indicated.
We have considered the parties' remaining arguments and find that they are either improperly raised for the first time on appeal (see Paulino v Brown, 170 AD3d at 506-507), or unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022