22-962-cv
Colangelo v. Champion Petfoods USA, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-three.

PRESENT:   ROSEMARY S. POOLER,
                     BARRINGTON D. PARKER,
                     ALISON J. NATHAN,
                               *Circuit Judges.*

_____

KATHLEEN PARADOWSKI,

          *Plaintiff-Appellant,*

RACHEL COLANGELO, individually and on behalf of a
class of similarly situated individuals,

          *Plaintiff,*

          v.                                                          22-962-cv

CHAMPION PETFOODS USA, INC. & CHAMPION
PETFOODS LP,

          *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    REBECCA A. PETERSON
                                                                      (Robert K. Shelquist, *on the
                                                                      brief*), Lockridge Grindal
                                                                      Nauen P.L.L.P., Minneapolis,

1

MN, (Daniel E. Gustafson, Gustafson Glueck, PLLC, Minneapolis, MN, Kevin A. Seeley, Robbins LLP, San Diego, CA, Kenneth A. Wexler, Wexler Boley & Elgersma LLP, Chicago, IL, *on the brief*)

FOR DEFENDANTS-APPELLEES:                    LINDA T. COBERLY, Winston & Strawn LLP, Chicago, IL (David A. Coulson, Winston & Strawn LLP, Miami, FL, *on the brief*)

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kathleen Paradowski appeals from the district court's grant of summary judgment for Defendants-Appellees Champion Petfoods USA, Inc., and Champion Petfoods LP (collectively, "Defendants" or "Champion"). On appeal, Paradowski argues that the district court improperly dismissed her New York General Business Law § 349 claim alleging that Champion failed to disclose the presence of heavy metals in two of its pet food formulas. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we discuss only as necessary to explain our decision to affirm.

## BACKGROUND

Champion is a manufacturer and seller of premium-priced dog food. It markets its products as "Biologically Appropriate" and states that it uses "animal-based proteins," instead of grains or fillers, in an effort "to mirror how wolves or wild dogs would get nutrition in nature

(albeit within the limitations of dry kibble form)." App'x 258. In April 2017, a group called the Clean Label Project published a blog post that rated pet foods based on several factors, including heavy metal content, and gave one star out of five to Champion's brands. Several Champion customers reached out to inquire about the post, and in May 2017, Champion released a white paper on heavy metals that disclosed the average levels of heavy metals in its products in comparison to known safety limits for pets. The white paper reported that the levels of heavy metals in its products were all within the acceptable ranges based on guidelines published by the National Research Council and the Food and Drug Administration ("FDA") outlining maximum tolerable limits for arsenic, cadmium, lead, and mercury in dog foods.

Approximately one and a half years later, this putative class action was brought against Champion on behalf of New York purchasers of Champion dog food. Paradowski is the owner of two German Shepherds, and the sole remaining named plaintiff. At various times from 2016–18, she purchased two of Champion's products—ACANA Regional Meadowlands and ACANA Heritage Free-Run Poultry. Her second amended complaint alleged, *inter alia*, that Champion engaged in common-law fraud-by-omission and/or violated New York General Business Law § 349 by failing to disclose that its recipes "contained and/or had a material risk of containing" detectible amounts of heavy metals. App'x 60. Although the parties dispute the quantity of heavy metals present, they agree that the question of whether the products were safe is not at issue in this litigation. Plaintiff did not allege that Champion's pet foods were unsafe or that they harmed her pets. Instead, she maintained that she would not have purchased Champion's products at their retail prices if she had known that they contained heavy metals.

In response, Champion argued that heavy metals are widely known to be naturally occurring in the environment and at safe levels in many of the foods people (and dogs) eat.

3

Champion notes that heavy metals are especially common in the fish and fish-derived products that are listed as ingredients in its ACANA Heritage Free-Run Poultry and ACANA Regionals Meadowland offerings. Champion also provided uncontroverted evidence that "nearly all pet food contains measurable quantities of heavy metals." *See Colangelo v. Champion Petfoods USA, Inc.*, No. 18-cv-1228, 2022 WL 991518 at *25 n.47 (N.D.N.Y. Mar. 31, 2022).

On March 31, 2022, the district court granted summary judgment in favor of Champion and dismissed all of Plaintiff's claims. The court concluded that no reasonable jury could rule for the Plaintiff on either the heavy metal fraud-by-omission claim or the § 349 claim because "by ordinary diligence and attention, Plaintiff[] should have known that anything containing fish might also contain high concentrations of heavy metals." *Id.* (quoting *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 972–73 (E.D. Ky. 2019)).

Plaintiff timely appealed. She only challenges the district court's dismissal of her § 349 heavy metals claim.

**STANDARD OF REVIEW**

We review orders granting summary judgment *de novo*, "construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in [her] favor." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (internal quotation marks omitted). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material dispute exists if a reasonable jury could return a verdict for the nonmoving party, but not if "the evidence to support [her] case is so slight" that no rational factfinder could find in her favor. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks omitted).

4

**DISCUSSION**

New York law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 349. The requisite elements for a cause of action under § 349 are well established. The plaintiff must show that: "(1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered injury as a result of the deception." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 171 N.E.3d 1192, 1197 (N.Y. 2021). When evaluating whether an act was deceptive or misleading, New York courts apply an objective standard, asking whether the representation or omission is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611–12 (N.Y. 2000) (quoting *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995)). A "reasonable consumer" includes those "who, in making purchases, do not stop to analyze but are governed by appearances and general impressions." *Guggenheimer v. Ginzburg*, 372 N.E.2d 17, 19 (N.Y. 1977).

"In the case of omissions in particular," the New York Court of Appeals has cautioned that § 349 "surely does not require businesses to ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation." *Oswego*, 647 N.E.2d at 745. Accordingly, a plaintiff bringing an omission-based claim for § 349 liability must show that "the business alone possesses material information that is relevant to the consumer and fail[ed] to provide this information," or that plaintiffs could not "reasonably have obtained the relevant information they now claim the [defendant] failed to provide." *Id.*

5

As a preliminary matter, contrary to Plaintiff's argument, the district court did not conflate the legal standard for a common-law fraud-by-omission claim with the standard governing § 349 omissions-based claims. Although the district court's order states that Plaintiff's § 349 claim "fail[s] for the same reason as her claims for fraud by omission fail," that does not mean that the court applied the same legal standard to both claims. *Colangelo*, 2022 WL 991518 at *27. To the contrary, the order analyzed the § 349 and common-law fraud claims separately, identifying the correct legal standard for each. *Compare id.* at *25 (common-law fraud) *with id.* at *26 (§ 349). The district court concluded that no reasonable jury could find that the relevant omitted information was exclusively within Champion's possession, or that a consumer could not reasonably obtain such information. This determination would defeat both the common-law fraud claim, which requires that the information be "peculiarly within the defendant's knowledge," *ACA Fin. Guar. Corp. v. Goldman, Sachs & Co.*, 32 N.E.3d 921, 922 (N.Y. 2015) (cleaned up), and the § 349 claim, *see Oswego*, 647 N.E.2d at 745.

Upon review of the record, we agree that no reasonable jury could conclude that the omission at issue—that Champion's pet foods contained or had a material risk of containing heavy metals—was solely within Champion's possession. To start, it is worth clarifying that Plaintiff has not pleaded an omissions claim based on the specific *quantities* of heavy metals present in Champion's products. If Plaintiff had claimed that Champion's pet foods contained quantities of heavy metals in excess of safe thresholds, then that could be information that "the business alone" possessed. *Id*. However, Plaintiff's position is that Champion should have disclosed that its products contained—or had a material risk of containing—*any* amount of heavy metals.

6

The fact that Champion's pet foods contained heavy metals was information reasonably obtainable to the Plaintiff. *See id.* The undisputed record evidence shows that "nearly all pet food contains measurable quantities of heavy metals" because measurable quantities of heavy metals occur naturally in the environment and are prevalent in a wide variety of food products. Both ACANA Heritage Free-Run Poultry and ACANA Regionals Meadowland listed fish and fish-based ingredients on its packaging, and publicly available studies demonstrate that seafood typically contains high concentrations of heavy metals. *See* App'x 111–14 (listing "catfish meal" as a prominent ingredient in both ACANA products); App'x 366, 376, 427, 452 (listing average quantities of arsenic, cadmium, lead, and mercury in catfish). Additionally, since at least 2005 regulators have published guidelines regarding the acceptable concentrations of heavy metals in dog foods, which demonstrates that the public has been aware of the occurrence (or the risk) of this phenomenon for some time. In sum, the factual record establishes that a reasonable consumer could have discovered that Champion's pet foods had a material risk of containing some measurable amount of heavy metals. Because Plaintiff has failed to show that "the business alone possesses" this information, its § 349 claim fails. *See Oswego*, 647 N.E.2d at 745.

Lastly, we acknowledge the importance of consumer labeling, especially as it relates to food for both humans and pets alike. However, it is not within the province of the courts to decide what information must be disclosed on consumer packaging. That issue should be for Congress or a federal agency such as the FDA to determine.

We have considered Plaintiff-Appellant's remaining arguments and conclude that they are without merit. The judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7