■ ARIS J. DOUSMANIS, Respondent, v JOE HORNSTEIN, INC., et al., Defendants, and UNION CARBIDE CORPORATION, Appellant. (And a Third-Party Action.)—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered October 11, 1990, which, insofar as appealed from denied defendant-appellant's motion to dismiss the first and third causes of action of plaintiff's complaint as barred by the Statute of Limitations, and granted plaintiff's cross-motion to dismiss defendant's affirmative defense of the Statute of Limitations, unanimously affirmed. Order of the same court and Justice, entered February 8, 1991, which, insofar as appealed from, denied defendant's motion to renew, unanimously affirmed, with one bill of costs and disbursements of these appeals.

We agree with the IAS court that defendant failed to make

a sufficient showing of fraud, collusion, mistake or material misrepresentation by plaintiff or plaintiff's counsel to relieve it of the stipulations in which it waived the defense of the Statute of Limitations *(Hallock v State of New York,* 64 NY2d 224, 230; *Matter of Frutiger,* 29 NY2d 143, 149). In any event, neither unilateral mistake nor fraudulent misrepresentation by plaintiff's counsel provide grounds for rescission of the stipulations, since defendant in executing the stipulations, could not have justifiably relied on the legal opinion or conclusion of its adversary's counsel that the action had been timely commenced *(Verschell v Pike,* 85 AD2d 690, 691).

Finally, denial of defendant's renewal motion was not an abuse of discretion as the motion was not supported by new facts or information that could not have been, with due diligence, readily made part of the original motion. Defendant failed to offer a valid excuse for not having submitted the additional facts on the original motion and the new argument sought to be raised in support of the motion provided an insufficient basis for renewal *(see, Matter of Beiny,* 132 AD2d 190, 210, *lv dismissed* 71 NY2d 994). We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin, Asch and Smith, JJ.