■ RICHARD LoGALBO et al., Plaintiffs, v PLISHKIN, RUBANO & BAUM et al., Defendants and Third-Party Plaintiffs-Respondents. MURRAY SEEMAN, Third-Party Defendant-Appellant. [602 NYS2d 906] —In a third-party action for indemnification and/or contribution based upon fraud, the third-party defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated July 17, 1991, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the third-party action is dismissed.

The facts of this case have been set forth in detail in this Court's prior decision *(see, LoGalbo v Plishkin, Rubano & Baum,* 163 AD2d 511), and need not be repeated. In that decision this Court granted the plaintiff's motion for partial

summary judgment on the issue of liability in the main action, stating, in pertinent part, as follows: "Faced with the explicit terms of the cancellation provision and paragraph 26 of the contract, which provided that the agreement could not be modified or terminated orally (see, General Obligations Law § 15-301), the defendants' reliance upon the alleged oral assurance by the seller's attorney that oral notice sufficed to effectively cancel the contract fell below any permissible standards of due care. The state of the law on the exercise of an option to cancel a real estate contract requiring that written notice be given within a specified time is clearly defined and firmly imbedded in our jurisprudence so as to be beyond doubt or debate. To disregard the long standing rule that written notice of cancellation must be received within the time prescribed (see, Maxton Bldrs. v Lo Galbo [68 NY2d 373], at 378), constitutes, as a matter of law (1) negligence, if, knowing the rule, the attorney disregards it, or (2) want of skill, if the attorney was ignorant of the rule (see, Gimbel v Waldman, 193 Misc 758, 761; cf., Rapuzzi v Stetson, 160 App Div 150; Byrnes v Palmer, 18 App Div 1, 4, affd 160 NY 699)" (LoGalbo v Plishkin, Rubano & Baum, supra, at 514).

The third-party defendant, the seller's attorney upon whose opinion the defendant third-party plaintiff (hereinafter the law firm) allegedly relied, subsequently moved for summary judgment in the third-party action, inter alia, on the ground that the law firm had no justifiable right to rely on his alleged misrepresentation. The Supreme Court denied that motion, and we reverse.

In order to establish a cause of action to recover damages for fraud based upon misrepresentation, a party must not only establish that it reasonably believed that the representation made was true; it must also establish that it was justified in taking action in reliance upon that representation (see, Lanzi v Brooks, 54 AD2d 1057, affd 43 NY2d 778; Verschell v Pike, 85 AD2d 690). As this Court has already determined, the action taken by the law firm in reliance on the third-party defendant's representation constituted legal malpractice (see, LoGalbo v Plishkin, Rubano & Baum, supra, at 514). An attorney simply cannot justifiably rely on the representation of his or her adversary which is inconsistent with existing law and the clear provisions of a contract (see, Dousmanis v Joe Hornstein, Inc., 181 AD2d 592; Verschell v Pike, supra). Thus, the third-party defendant is entitled to summary judgment.

We decline to award sanctions to the third-party defendant for having to defend this action, as we do not find that it was

commenced or continued in bad faith *(see,* CPLR 8303-a; *Love v Kwitny,* 186 AD2d 111). Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.