■ SEDGWICK AVENUE ASSOCIATES, Appellant, v CONSTANTINE KEHAYA, Respondent. [673 NYS2d 9] —Order of the Appellate Term of the Supreme Court, First Department, entered August 7, 1996, which affirmed an order of the Civil Court, New York County (Martin Shulman, J.), entered March 21, 1995, denying petitioner's motion to vacate a stipulation of settlement, unanimously reversed, on the law, with costs, petitioner's motion granted and the matter remanded to Civil Court for further proceedings.

In 1992, petitioner successfully brought a summary holdover proceeding against respondent based on a nuisance claim. The Appellate Term unanimously affirmed and later, on October 3, 1994, denied a continued stay of enforcement and leave to appeal to this Court. A copy of that order with notice of entry was served on respondent's attorney, Kenneth Rosenfeld, on December 8, 1994.

Prior to such service, petitioner's new managing agent advised its new attorneys to commence a summary non-payment proceeding against the tenant of record, respondent's father, Theodos Kehaya. Respondent, through his attorney, Mr. Rosenfeld, answered and counterclaimed, *inter alia*, that petitioner

had failed to name and serve respondent as a necessary party since respondent was a tenant in possession of the apartment and the named respondent was deceased.

On December 7, 1994, the parties appeared at Civil Court. Mr. Rosenfeld advised an associate at the petitioner's new law firm that respondent was the proper tenant as his father was deceased, and the associate telephoned the managing agent from the courthouse. The new agent was unaware of the prior holdover proceeding against respondent and informed counsel that respondent did reside in the subject apartment. Mr. Rosenfeld never told counsel that the holdover proceeding had terminated his client's tenancy.

The two attorneys then drafted and executed a stipulation pursuant to which respondent was substituted as the respondent-tenant in the proceeding, respondent submitted to the jurisdiction of the court and the parties agreed, through their attorneys, that respondent was the tenant of the subject premises, and that the proceeding was adjourned so that petitioner could provide respondent's counsel with a rent breakdown and to allow for a court-ordered inspection of the premises. An inspection was ordered and the proceeding was adjourned to January 4, 1995.

In the meantime, Mr. Rosenfeld received the notice of entry in the summary holdover proceeding on December 12, 1994, and apparently chose not to seek leave to appeal from this Court due to the stipulation in the non-payment proceeding. He also contacted petitioner's prior counsel in said holdover proceeding. On December 16, 1994, Mr. Rosenfeld delivered a copy of the stipulation to that firm and, after discussing the effect of the stipulation with Mr. Rosenfeld, petitioner's prior counsel determined that he could not proceed under any judgment and warrant and thus no further action would be taken in that proceeding to enforce the judgment. On January 13, 1995, respondent's time to move in this Court for leave to appeal expired.

Counsel for both parties in the non-payment proceeding appeared in Civil Court on January 4, 1995 and the case was adjourned to January 17, 1995. Prior to the adjourned date, petitioner's new law firm was apprised of the prior holdover proceeding by petitioner, whereupon it served a notice of voluntary discontinuance of the non-payment proceeding on January 16, 1995, which respondent's counsel rejected. On January 17, 1995, petitioner orally applied to discontinue the proceeding, which was denied without prejudice to its serving a written motion pursuant to CPLR 3217 (b). Petitioner then formally

moved to discontinue the proceedings and vacate the stipulation, which motion was opposed by respondent.

By order entered March 21, 1995, the Civil Court permitted discontinuance but denied vacatur of the stipulation, the court finding that petitioner had not shown good cause to vacate the stipulation; that there was no misconduct on the part of respondent's counsel; and that respondent could not be restored to his former status as the time to move for leave to appeal had expired.

Petitioner then appealed to the Appellate Term, arguing that respondent's counsel's characterization of respondent as a tenant constituted a misrepresentation inasmuch as the tenancy had not been reinstated, and that respondent was not entitled to equity. The Appellate Term affirmed for the reasons stated by the Civil Court, and further held that the claim of unilateral mistake was legally insufficient to vacate the stipulation in light of petitioner's affirmative acts supporting institution of the non-payment proceeding and the execution of the stipulation by attorneys for both sides acknowledging that respondent was the tenant.

In his dissent, Justice McCooe found that petitioner met the grounds for vacatur of the stipulation based on unilateral mistake; that experience dictated that respondent's application for leave to appeal to this Court would have been denied based on the trial testimony; and that nothing had prevented respondent from filing the application for leave to appeal to this Court.

We agree with the dissent at the Appellate Term and reverse accordingly.

The attorney for respondent-tenant represented him in all prior proceedings and obviously knew that respondent had been found to have created a nuisance in the premises and that a judgment of possession, affirmed by the Appellate Term with that court denying leave to appeal, was issued at the time the present stipulation was entered. A predicate of this stipulation was tenant's lawyer's affirmative assertion that his client was the proper tenant (the father having died) in the present non-payment proceeding, knowing full well of the prior proceeding. This was a fraud practiced on the new attorney for the landlord and the court and should not be allowed. *Dousmanis v Joe Hornstein, Inc.* (181 AD2d 592), cited by the Appellate Term majority, is distinguishable for this reason. Also, the tenant's failure to seek leave to appeal from the dispossess judgment from this Court was a decision of his own making. Concur—Milonas, J. P., Rosenberger, Mazzarelli and Andrias, JJ.