Quattro Parent LLC v Rakib (2020 NY Slip Op 01966)





Quattro Parent LLC v Rakib


2020 NY Slip Op 01966


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11292 651555/17

[*1]Quattro Parent LLC, Plaintiff-Respondent,
v
Zaki Rakib, Defendant-Appellant.


Gregory Zimmer, New York, for appellant.
Becker, Glynn, Muffly, Chassin and Hosinski LLP, New York (Jesse T. Conan of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about January 23, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability, unanimously affirmed, with costs.
Plaintiff made a prima facie showing of defendant's liability for breach of a contract, based upon defendant's failure to pay $7.5 million, as required pursuant to the terms of the parties' Transaction Agreement, in exchange for a majority interest in plaintiff, after approval was received from the relevant Brazilian regulatory agency (see Gordon v Schaeffer, 176 AD3d 431 [2019]; VisionChina Media Inc. v Shareholder Representative Servs., LLC, 109 AD3d 49, 58 [2013]).
The motion court correctly rejected defendant's misrepresentation-based defense and counterclaims, as the valuation report on which defendant allegedly relied was a nonactionable projection of future profitability (see ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC, 50 AD3d 397, 398 [1st Dept 2008]; Sidamonidze v Kay, 304 AD2d 415, 416 [1st Dept 2003]).
At a minimum, defendant's position on plaintiff's board placed him on notice of the need to investigate the discrepancy between the third-party valuation projections and the company's financials, which he failed to do (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044 [2015]; MP Cool Invs. Ltd. v Forkosh, 142 AD3d 286, 291-292 [1st Dept 2016], lv denied 28 NY3d 911 [2016]).
The motion court also correctly rejected defendant's unilateral mistake-based defense and counterclaim, because there was no showing of fraud or other wrongdoing (see generally Angel v Bank of Tokyo-Mitsubishi, Ltd., 39 AD3d 368, 369-370 [1st Dept 2007]) and because defendant could not reasonably have relied on the alleged false representations (see Dousmanis v Joe Hornstein, Inc., 181 AD2d 592, 593 [1st Dept 1992]). A court of equity may also rescind a contract for unilateral mistake if the failure to do so would enrich one party at the other's expense, and the parties can be returned to the status quo without prejudice (Gessin Electric v 95 Wall Assoc., 74 AD3d 516, 520 [1st Dept 2010]). Here, however, there are no specific allegations of unjust enrichment in the answer and counterclaims. Nor has defendant raised any [*2]argument that the status quo can be restored now that plaintiff has ceased doing business.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK