S.V.L. v PBM, LLC (2021 NY Slip Op 01133)





S.V.L. v PBM, LLC


2021 NY Slip Op 01133


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Index No. 23835/14E Appeal No. 13164-3165-13166 Case No. 2020-00013, 2020-00035, 2020-00041, 2020-00044 

[*1]S.V.L., Infant-Plaintiff by his Mother and Natural Guardian, Yohanny L., et al., Plaintiffs-Appellants,
v
PBM, LLC, Doing Business as Perfect Building Maintenance, et al., Defendants-Respondents.
PBM, LLC, Doing Business as Perfect Building Maintenance, Third-Party Plaintiff-Respondent,
v
GEO Window Cleaning, Inc., Doing Business as Marval Building Maintenance, Third-Party Defendant-Respondent.
RFR Realty, LLC, et al., Second Third-Party Plaintiffs-Respondents,
v
GEO Window Cleaning, Inc., Doing Business as Marval Building Maintenance, Second Third-Party Defendant-Respondent.


The Bostany Law Firm PLLC, New York (John P. Bostany of counsel), for appellants.
Baxter, Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for PBM, LLC, respondent.
Cartafalsa, Turpin & Lenoff, New York (Christopher J. Turpin of counsel), for RFR Realty, LLC RFR Holding, LLC, 345 PAS Owner, LLC, RFR Holding Corporation, 345 Park Avenue South Partnerships, 345 Park Avenue South Partners, LLC 345 Park Avenue South Holding, LLC, ABY Rosen and Michael Fuchs, respondents.
Lewis Johs Avallone Aviles, LLP, Islandia (Amy E. Bedell of counsel), for GEO Window Cleaning, Inc, respondent.



Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about December 10, 2019, which granted the branch of plaintiffs" motion for leave to reargue an order, same court and Justice, entered August 12, 2019, which, to the extent appealed from as limited by the briefs, granted the branches of defendants" motion and cross motion and first and second third-party defendant GEO Window Cleaning, Inc., d/b/a Marval Building Maintenance"s (GEO) cross motion for summary judgment dismissing the Labor Law §§ 240(1) and 200 and common-law negligence claims as against them, and denied plaintiff"s motion for summary judgment on the issue of liability as against defendant/first third-party plaintiff PBM, LLC, d/b/a Perfect Building Maintenance (PBM) and defendants/second third-party plaintiffs 345 PAS Owner, LLC, and RFR Realty, LLC, and, upon reargument, adhered to the original determination, and denied the branch of plaintiffs" motion for leave to renew, unanimously modified, on the law, to grant plaintiffs renewal, and, upon renewal, defendants and GEO are denied summary judgment dismissing the Labor Law § 240(1) claim, and otherwise affirmed, without costs. Appeal from the aforementioned August 12, 2019 order, unanimously dismissed, without costs, as superseded by the December 10, 2019 order. Orders, same court (Laura G. Douglas, J.), entered on or about August 15, 2019, which denied as moot plaintiffs" discovery motions against GEO and PBM, unanimously reversed, on the law, without costs, and the matter remitted for further proceedings consistent with this order. The Clerk is directed, nostra sponte, to substitute "Randy Vargas Reyes, as Administrator of the Estate of Anthony Ventura Molina" in place and stead of plaintiff Estate of Anthony Ventura Molina, and to amend the caption accordingly.
This wrongful death action stems from Anthony Ventura Molina"s death after he fell four stories from defendants" building in Manhattan while washing windows in the course of his employment with GEO.
After two discovery motions filed by plaintiffs against GEO and PBM were fully submitted, and while the parties were awaiting the court"s decision thereon, the parties moved and cross-moved for summary judgment. Insofar as pertinent to this appeal, Supreme Court granted defendants summary judgment dismissing the Labor Law § 240(1) claim, on the ground that the accident was not protected by the statute, and the Labor Law § 200 and common-law negligence claims, because none of the defendants either created or had notice of a dangerous premises condition or exercised supervisory control over decedent"s work. Supreme Court then denied plaintiffs" two discovery motions as moot.
Plaintiffs then moved for leave to reargue and renew. With regard to renewal, plaintiffs submitted an affidavit from Juan Carlos Ventura, who was also employed by GEO at the time of the accident, and who had worked with decedent cleaning windows at the premises in the year prior to [*2]his death. In it, Ventura averred that he and decedent had previously cleaned the exterior of the windows at the premises by leaning outside of the building, which GEO"s principal had seen, but did not tell them not to do so or otherwise suggest that this was an unapproved method of cleaning the windows" exterior. Supreme Court granted plaintiffs reargument, but adhered to its original determination, and denied renewal, holding that plaintiffs failed to explain why they did not submit Ventura"s affidavit in connection with the prior summary judgment motions.
We review Supreme Court"s determination to grant or deny leave to renew for an abuse of discretion (see Dousmanis v Joe Hornstein, Inc., 181 AD2d 592, 593 [1st Dept 1992]; Mestel & Co. v Smythe, Masterson & Judd, Manda Weintraub, 181 AD2d 501, 502 [1st Dept 1992]). The motion court improvidently exercised that discretion here, since plaintiffs did explain their failure to submit Ventura"s affidavit in connection with the parties" prior summary judgment motions, namely because they were not made aware that Ventura was no longer employed by GEO, and that they therefore could interview him in connection with this litigation, until after the court"s original determination (see Szentmiklosy v County Neon Sign Corp., 276 AD2d 406, 406-407 [1st Dept 2000]). Notably, defendants do not dispute plaintiffs" representation as to when they learned that Ventura was no longer employed by GEO. Even if plaintiffs did not adequately explain their failure to obtain Ventura"s affidavit earlier, this case is one that, in our view, "warranted a grant of leave to renew in the interest of justice "so as not to defeat substantive fairness"" (Vaca v Village View Hous. Corp., 170 AD3d 619, 620 [1st Dept 2019] [citation omitted]). Accordingly, plaintiffs should have been given leave to renew their position relative to the court"s original determination.
Upon renewal, summary judgment dismissing the Labor Law § 240(1) claim should have been denied. A window washer"s gravity-related accident falls within the scope of Labor Law § 240(1) if the elevation-related hazard that is a proximate cause of the accident is attendant to his work as that work was intended or supposed to be performed (see Broggy v Rockefeller Group, Inc., 8 NY3d 675, 680-681 [2007]; Bauer v Female Academy of Sacred Heart, 97 NY2d 445 [2002]). Here, the record reveals conflicting evidence as to whether decedent was exposed to an elevation-related risk attendant to his work as it was intended to be performed: GEO"s principal testified that the exterior of the windows could and should have been cleaned while decedent was inside the premises, and the property manager testified that the windows were tilt-in so that their exterior did not have to be cleaned from the outside; but Ventura averred that he and decedent had previously cleaned the exterior of the windows from the outside, which GEO"s principal knew and, at least tacitly, approved. These issues of [*3]fact preclude summary resolution of plaintiffs" Labor Law § 240(1) claim.
As for the Labor Law § 200 and common-law negligence claims, the accident arose out of the means and methods of decedent"s work, and therefore defendants cannot be held liable because they did not actually exercise some supervisory control over his work (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1998]; Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]).
Since we are reinstating plaintiffs" Labor Law § 240(1) claim, plaintiffs" discovery motions are no longer moot, and we therefore remit the matter to Supreme Court for a renewed determination of those motions in the first instance.
In reinstating the Labor Law § 240(1) claim, we decline to affirm its dismissal as against defendants 345 Park Avenue South Partnerships, Aby Rosen, and Michael Fuchs. The record is unclear as to these defendants" role in owning and managing the premises, and Rosen and Fuchs"s depositions were stayed pending the parties" summary judgment motions, making summary judgment premature (see generally CPLR 3212[f]; Lyons v New York City Economic Dev. Corp., 182 AD3d 499, 499-500 [1st Dept 2020]).
Finally, we note that only the personal representative of a decedent may maintain a cause of action for wrongful death (EPTL 5-4.1[1]; see e.g. Winbush v City of Mount Vernon, 306 NY 327, 334 [1954]; Mogavero v Stony Creek Dev. Corp., 53 AD2d 1021, 1021 [4th Dept 1976]). We direct the Clerk to make the appropriate substitution for the Estate in this matter and to amend the caption accordingly (CPLR 2001; see Rosenberg v Caban, 16 NY2d 905 [1965]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021