Louie's Seafood Rest., LLC v Brown (2021 NY Slip Op 06167)





Louie's Seafood Rest., LLC v Brown


2021 NY Slip Op 06167


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-03166
 (Index No. 5532/15)

[*1]Louie's Seafood Restaurant, LLC, et al., appellants,
v
Jeffrey Brown, et al., respondents.


The Scher Law Firm, LLP, Carle Place, NY (Austin Graff of counsel), for appellants.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Janice J. DiGennaro of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for aiding and abetting fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered September 12, 2016. The order, insofar as appealed from, upon renewal and reargument, vacated a prior determination in an order of the same court dated January 5, 2016, denying the defendants' prior motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, and thereupon granted the defendants' prior motion.
ORDERED that the order entered September 12, 2016, is affirmed insofar as appealed from, with costs.
The plaintiffs Martin Picone and Michael Guinnane are the owners of the plaintiff Louie's Seafood Restaurant, LLC, which operates a restaurant in Nassau County. The defendants Jeffrey Brown and Lenard Leeds are attorneys and partners in the defendant Leeds Brown Law, P.C. In 2012, the defendants commenced a class action lawsuit against the plaintiffs on behalf of former employees of the plaintiffs, alleging violations of the Fair Labor Standards Act and the New York Labor Law concerning unpaid wages (hereinafter the class action lawsuit). The parties in the class action lawsuit settled the action with a settlement agreement. In 2013, the defendants commenced an action against the plaintiffs and others on behalf of a former employee of the plaintiffs, alleging that she was sexually harassed and retaliated against (hereinafter the discrimination lawsuit). That action was voluntarily discontinued with prejudice.
The plaintiffs commenced this action against the defendants seeking damages for aiding and abetting fraud, violation of Judiciary Law § 487, breach of contract, and fraud in the inducement. The causes of action to recover damages for aiding and abetting fraud and violation of Judiciary Law § 487 were predicated on allegations that, in the discrimination lawsuit, the plaintiff to that action had fabricated and disclosed during discovery certain diary entries, and that the defendants were aware of the fabrication and substantially assisted to advance the commission of fraud. The causes of action to recover damages for breach of contract and fraud in the inducement were predicated on allegations that, in the class action lawsuit, the defendants breached the settlement agreement by failing to hold the settlement proceeds in escrow until the court approved the settlement agreement and fraudulently induced the plaintiffs into entering the settlement [*2]agreement by misrepresenting that they were not representing any other employee or former employee of the plaintiffs in connection with an employment-related issue against them.
The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the aiding and abetting fraud causes of action and the cause of action alleging a violation of Judiciary Law § 487 on the ground, among others, that the defendants were protected by the Noerr-Pennington doctrine (see Mine Workers v Pennington, 381 US 657; Eastern Railroad Presidents Conference v Noerr Motor Freight, Inc., 365 US 127), and to dismiss the breach of contract and fraud in the inducement causes of action on the ground that the complaint failed to state those causes of action. The Supreme Court denied the motion. The defendants moved for leave to renew and reargue the motion. In an order entered September 12, 2016, the court, inter alia, upon renewal and reargument, granted the defendants' prior motion and directed dismissal of the complaint. The plaintiffs appeal.
On a motion to dismiss a cause of action pursuant to CPLR 3211(a), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88).
"The Noerr-Pennington doctrine protects the right under the First Amendment to the United States Constitution to petition the government for governmental action, including through litigation and activity incidental to litigation" (Matter of People v Northern Leasing Sys., Inc., 193 AD3d 67, 77 [citation omitted]; see Alfred Weissman Real Estate v Big V Supermarkets, 268 AD2d 101, 106-107). "There is a 'sham' exception to the Noerr-Pennington doctrine which applies in 'situations in which persons use the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon'" (Singh v Sukhram, 56 AD3d 187, 192 [emphasis omitted], quoting Columbia v Omni Outdoor Advertising, Inc., 499 US 365, 380; see Alfred Weissman Real Estate v Big V Supermarkets, 268 AD2d at 107). There is also a "'corruption' exception, which applies only where a party has stepped beyond the bounds of zealous advocacy and engages in conduct alleged to be criminal, not just deceptive or unethical" (Alfred Weissman Real Estate v Big V Supermarkets, 268 AD2d at 110).
Here, the Supreme Court properly concluded that the causes of action alleging that the defendants aided and abetted fraud and violated Judiciary Law § 487 were barred by the Noerr-Pennington doctrine. The Noerr-Pennington doctrine applied to these causes of action insofar as they were based upon litigation and activities that were incidental to litigation, and the pertinent allegations did not fit within either the "sham" or the "corruption" exceptions to the Noerr-Pennington doctrine (cf. Matter of People v Northern Leasing Sys., Inc., 193 AD3d at 77-78; see generally Singh v Sukhram, 56 AD3d at 192; Alfred Weissman Real Estate v Big V Supermarkets, 268 AD2d at 109-110).
"'To state a [cause of action to recover damages] for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury'" (Tsinias Enters. Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1273, quoting GoSmile, Inc. v Levine, 81 AD3d 77, 81; see 651 Bay St., LLC v Discenza, 189 AD3d 952, 953-954). The plaintiff must also establish that she or he reasonably relied upon the alleged misrepresentation (see 651 Bay St., LLC v Discenza, 189 AD3d at 954). Where a cause of action is based upon misrepresentation or fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]). Here, the allegations in the complaint failed to sufficiently allege justifiable reliance, and therefore failed to state a cause of action for fraudulent inducement (see Benjamin v Yeroushalmi, 178 AD3d 650, 654; Regina v Marotta, 67 AD3d 766, 766).
The plaintiffs have abandoned their breach of contract cause of action as pleaded in the complaint by failing to address those allegations in opposition to the motion to dismiss and the motion for leave to renew and reargue, and in their brief on appeal (see Elam v Ryder Sys., Inc., 176 AD3d 675, 676).
Accordingly, the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint was properly granted.
The parties' remaining contentions need not be reached in light of our determination.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court