Emigrant Mtge. Co., Inc. v Public Adm'r of Kings County (2022 NY Slip Op 04291)

Emigrant Mtge. Co., Inc. v Public Adm'r of Kings County

2022 NY Slip Op 04291

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-03213
 (Index No. 33667/07)

[*1]Emigrant Mortgage Company, Inc., respondent,
v
Public Administrator of Kings County, etc., et al., defendants, Robert Forcina, et al, appellants.

Chirico Law PLLC, Brooklyn, NY (Vincent Chirico of counsel), for appellants.
Borchert & LaSpina, P.C., Whitestone, NY (Robert W. Frommer of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Robert Forcina and Josephine Forcina appeal, and the estate of Elizabeth Licata purportedly appeals, from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated January 16, 2019. The order granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them, to strike their answer, and to appoint a referee to compute the amount due.

DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal insofar as purportedly taken on behalf of the estate of Elizabeth Licata. By decision and order on motion of this Court dated February 28, 2020, that branch of the motion which is to dismiss the appeal insofar as purportedly taken on behalf of the estate of Elizabeth Licata was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal insofar as purportedly taken on behalf of the estate of Elizabeth Licata is granted; and it is further,
ORDERED that the appeal insofar as purportedly taken on behalf of the estate of Elizabeth Licata is dismissed; and it is further,
ORDERED that the order is affirmed on the appeal by the defendants Robert Forcina and Josephine Forcina; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants Robert Forcina and Josephine Forcina.
On November 15, 2006, Elizabeth Licata executed a note in favor of the plaintiff, Emigrant Mortgage Company, Inc. (hereinafter Emigrant), in the sum of $630,000. The note was [*2]secured by a mortgage (hereinafter the subject mortgage) encumbering certain real property located in Brooklyn, to wit: a property located on 74th Street (hereinafter the 74th Street property), which was previously owned by the defendant Robert Forcina and the defendant Josephine Forcina, Licata's daughter (hereinafter together the Forcinas); and Licata's residence on 65th Street in Brooklyn (hereinafter the 65th Street property). The money loaned was used, in part, to pay off a prior mortgage loan, taken by the Forcinas, which had encumbered the 74th Street property.
In 2007, Emigrant commenced this action to foreclose the subject mortgage against, among others, Licata and the Forcinas. In March 2013, Licata and the Forcinas filed a verified answer. The answer asserted various affirmative defenses, including an affirmative defense of fraud, to wit: that Emigrant, "by its agents, contractors and/or employees" fraudulently misled Licata and the Forcinas by stating that the Emigrant mortgage would not encumber the 65th Street property; that Licata and the Forcinas relied on those statements; that Emigrant "by its agents, servants, contractors and/or employees" concealed, omitted, or misstated the fact that Emigrant "was giving a collateral mortgage to" Licata and the Forcinas; and that Licata and the Forcinas were harmed as a result of their reliance on the statements and conduct of Emigrant. The answer also asserted that Emigrant, "by its agents, servants, contractors and/or employees" knew or should have known that Licata did not understand the documents that she executed in connection with the note and the subject mortgage.
In October 2016, Emigrant moved for summary judgment on the complaint insofar as asserted against Licata and the Forcinas, to strike their answer, and to appoint a referee to compute the amount due. In support of its motion, Emigrant produced a copy of the subject mortgage, the unpaid note, and evidence of a default.
In response to the allegations of fraud made by Licata and the Forcinas, Emigrant's assistant treasurer, in an affidavit, described the 65th Street property as "collateral security" for the loan. She stated that neither Emigrant nor its legal counsel had any communications with Licata or the Forcinas at the closing. She further stated that the mortgage brokers, Danny Siony and Oracle Funding, Inc. (hereinafter Oracle), who allegedly perpetrated the fraud, were not agents or employees
of Emigrant. Emigrant also submitted a transcript of Josephine's deposition testimony. At her deposition, Josephine testified that when the original mortgage on the 74th Street property went into default, she retained Siony, a mortgage broker employed by Oracle. Siony promised to "save" the 74th Street property. After Siony asked whether a family member could purchase the 74th Street property from her, Josephine approached Licata, who agreed to do so. Siony agreed to obtain a mortgage for Licata so she could purchase the 74th Street property, and obtained a mortgage commitment from Emigrant. According to Josephine, Siony demanded a $100,000 fee for his services, and she agreed to the fee. However, Josephine claimed that she insisted that the mortgage not encumber the 65th Street property. Siony swore that the mortgage would only encumber the 74th Street property.
Josephine attended the closing of the loan transaction with Licata, but did not recall if she or Licata signed any documents. She testified that Licata could not speak or read English. She was not sure that the signatures appearing on the note and the subject mortgage belonged to Licata. She did not read the subject mortgage or the note at the closing. She never had a conversation with Emigrant's attorney, Nathan Ehrlich. When asked why she thought that Siony acted as an agent of Emigrant, she replied, "Siony took care of everything. He's the one that got the Emigrant Bank. He did everything."
The Forcinas opposed Emigrant's motion. The Forcinas contended, among other things, that triable issues of fact existed as to whether any fraudulent misrepresentations made by Siony and Oracle could be imputed to Emigrant on the ground that Siony and Oracle were acting as agents of Emigrant. The Forcinas submitted, inter alia, an affidavit from Licata executed in 2010, written in Italian, and translated into English. In her affidavit, Licata stated that she could not read English, and that she was advised that the 65th Street property would not be involved in the subject mortgage. The only time Licata signed any papers was at the closing. No one explained to her what [*3]she was signing. She never communicated directly with the broker or any other individual, since her daughter acted as her translator.
The Forcinas also submitted the deposition transcript of Nathan Ehrlich of Nathan Ehrlich, P.C., the law firm hired by Emigrant to act as settlement agent for Emigrant at the closing on the note and subject mortgage. Ehrlich testified that he did not personally handle this transaction, or appear at the closing.
The Forcinas also submitted a copy of the Broker Direct Agreement entered into between Emigrant and Oracle, dated December 23, 2005. The Broker Direct Agreement stated, among other things, that "[Oracle] is not an agent of Emigrant, and shall not represent to third parties that it is acting as an agent for Emigrant."
In an order dated January 16, 2019, the Supreme Court granted Emigrant's motion. The Forcinas appeal.
Emigrant established its prima facie entitlement to judgment as a matter of law on the cause of action for foreclosure by producing the subject mortgage, the unpaid note, and evidence of the default (see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689).
Emigrant also established its prima facie entitlement to judgment as a matter of dismissing the affirmative defense alleging fraud. "Generally, to state a counterclaim or affirmative defense sounding in fraud, a defendant must allege that (1) the plaintiff made a representation or a material omission of fact which was false and the plaintiff knew to be false, (2) the misrepresentation was made for the purpose of inducing the defendant to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury" (Shah v Mitra, 171 AD3d 971, 975). Here, the evidence established that Siony and Oracle made representations to Licata and Josephine that the subject mortgage would not encumber the 65th Street property. However, the record is devoid of any evidence that Emigrant made representations to Licata or the Forcinas—either through its employees or its attorney Ehrlich—that the subject mortgage would not encumber the 65th Street property. In fact, the subject mortgage, which was available for review by both Licata and Josephine at the closing, explicitly states that it encumbers both the 65th Street property and the 74th Street property.
Emigrant also established its prima facie entitlement to judgment as a matter of law dismissing the affirmative defense alleging that Emigrant knew or should have known that Licata did not understand the mortgage documents. Licata was presumed to be competent at the time she executed the relevant documents (see Buckley v Ritchie Knop, Inc., 40 AD3d 794, 795), and there is no evidence that Licata did not understand the transaction as a result of her mental capacity (see Mastrantoni v Mancini, 171 AD3d 908, 909).
In opposition, the Forcinas failed to raise a triable issue of fact. None of the evidence
submitted by Forcinas established that Emigrant, either through its employees or its agent, Nathan Ehrlich, P.C., made any representations to Licata or the Forcinas.
Moreover, the Forcinas failed to raise a triable issue of fact as to whether any fraud allegedly committed by Siony and Oracle could be attributable to Emigrant. The Broker Direct Agreement between Siony and Oracle explicitly stated that Siony and Oracle were not acting as agents of Emigrant.
Nor did the Forcinas raise a triable issue of fact as to whether Siony and Oracle had apparent authority to act on behalf of Emigrant. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority" (Hallock v State of New York, 64 NY2d 224, 231). A third party cannot rely on the alleged agent's own action and statements, since apparent authority cannot be based upon the agent's acts (see Alphy/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d 1274, 1278). Here, the Forcinas urge this Court to do just that. Josephine testified at her [*4]deposition that she believed Siony and Oracle were agents of Emigrant because "Siony took care of everything. He's the one that got the Emigrant Bank. He did everything." However, she did not identify any action on the part of Emigrant which led her to believe Siony and Oracle were acting on behalf of Emigrant.
The Forcinas' contention that Licata was unable to understand the mortgage documents because she could neither speak nor read English is without merit. "[A] claim of illiteracy in the English language is, by itself, insufficient to avoid the rule that '[a] party who signs a contract without any valid excuse for having failed to read it is "conclusively bound" by its terms'" (Kenol v Nelson, 181 AD2d 863, 866 , quoting Sofio v Hughes, 162 AD2d 518, 519, quoting Gilman v Chase Manhattan Bank, 73 NY2d 1, 11), and a party who cannot read English must make an effort to have the document read to him or her (see Brian Wallach Agency v Bank of N.Y., 75 AD2d 878, 879). Here, Josephine was present at the closing, and had an opportunity to read the mortgage documents to Licata.
The Forcinas' remaining contentions are without merit.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court