| |
|---|
| **Ahmed v Coca-Cola Co.** |
| 2024 NY Slip Op 33310(U) |
| September 20, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 518903/2020 |
| Judge: Wayne P. Saitta |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 29 of the Supreme
Court of the State of New York, held in
and for the County of Kings, at 360
Adams Street, Brooklyn, New York, on
the 20th day of September , 2024.

P R E S E N T :

Hon. Wayne P. Saitta, Justice.

------------------------------------------------------------------------X

ARSALAN AHMED,

                                   Plaintiff,                    Index No. 518903/2020

              -against-

                                                                 DECISION AND ORDER
THE COCA-COLA COMPANY, LIBERTY COCA-COLA           MS #4
BEVERAGES LLC and DENIS ZAGLADKO,

                                   Defendants,
------------------------------------------------------------------------X

The following papers numbered on this motion:

|  | NYSCEF Doc Numbers |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 56-57, 83 |
| Answering Affidavit (Affirmation) | 66, 85 |
| Reply Affidavit (Affirmation) | 73, 87-88 |
| Supplemental Affidavit (Affirmation) | |
| Pleadings –Exhibits | 58-61, 84 |
| Stipulations – Minutes | |
| Filed Papers | |

------------------------------------------------------------------------X

ISSA HAMDAN,

                                   Plaintiff,                    Index No. 519366/2020

              -against-

                                                                 DECISION AND ORDER
DENIS ZAGLADKO, LIBERTY COCA-COLA BEVERAGES,       MS #3, #4, & #5
LLC, ARSALAN AHMED, and TARIQ MAHMOOD

                                   Defendants,
------------------------------------------------------------------------X

[* 1]

The following papers numbered on these motions:

NYSCEF Doc Numbers

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 72-73, 102, 79-80, 87-88 |
| Answering Affidavit (Affirmation) | 104, 94, 98 |
| Reply Affidavit (Affirmation) | 90, 108-109 |
| Supplemental Affidavit (Affirmation) | |
| Pleadings –Exhibits | 74-77, 91-93, 103, 105-107, 81-82, 95-97 |
| Stipulations – Minutes | |
| Filed Papers | |

These actions involve the same two-vehicle accident. Each Plaintiff has filed their own separate action.

Plaintiff ARSALAN AHMED  was the driver of the vehicle that was involved in an accident with a truck owned by Defendant LIBERTY COCA-COLA BEVERAGES LLC (Defendant LIBERTY COCA-COLA) and driven by Defendant DENIS ZAGLADKO. Plaintiff ISSA HAMDAN  was a passenger in Plaintiff ARSALAN AHMED's vehicle.

Defendants THE COCA-COLA COMPANY, LIBERTY COCA-COLA, and DENIS ZAGLADKO move to amend their answer in action 518903/2020, and Defendants LIBERTY COCA-COLA and DENIS ZAGLADKO move to amend their answer in action 519366/2020. Both motions to amend seek leave to allege an affirmative defense and counterclaim for fraud.

HAMDAN, AHMED, and MAHMOOD cross-move to compel Defendants LIBERTY COCA-COLA and DENIS ZAGLADKO to produce the entirety of any investigation performed as to fraud in the event that Defendants' motions to amend are granted.

Moving Defendants move for leave to amend their answers to assert an affirmative defense and a counterclaim for common law fraud against each Plaintiff.

2

[* 2]

Moving Defendants argue that evidence obtained during discovery and through investigation revealed that the lawsuits are based on a staged accident in which Plaintiffs knowingly asserted claims of injury that bore no causal relation to the accident, forcing Defendants to expend considerable sums to investigate and defend against.

Plaintiffs argue that Moving Defendants have not established the elements necessary to support a fraud claim and that fraud is not a proper counterclaim in a personal injury negligence action to recover damages.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v. Silva*, 117 AD3d 917, 917 [2d Dept 2014])."The determination to permit or deny amendment is committed to the sound discretion of the trial court" (*id.*).

Here, Defendants have failed to adequately plead the required element of justifiable reliance .

"'[T]o state a counterclaim or affirmative defense sounding in fraud, a defendant must allege that (1) the plaintiff made a representation or a material omission of fact which was false and the plaintiff knew to be false, (2) the misrepresentation was made for the purpose of inducing the defendant to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury'" (*Emigrant Mortgage Company v. Public Administrator of Kings County*, 207 AD3d 437, 441 [2d Dept 2022], quoting *Shah v. Mitra,* 171 AD3d 971, 975 [2d Dept 2019]).

"'[T]o plead a claim for fraud in the inducement or fraudulent concealment, plaintiff must allege facts to support the claim that it justifiably relied on the alleged misrepresentations'" (*Ambac Assur. Corp v. Countrywide Home Loans Inc.,* 31 NY3d 569

3

[* 3]

[2018], quoting *ACA Fin. Guar. Corp. v. Goldman, Sachs & Co.*, 25 NY3d 1043, 1044 [2015]; *Louis Seafood Rest LLC v Brown,* 199 AD3d 790 [2d Dept 2021]).

"In order to establish a cause of action to recover damages for fraud based upon misrepresentation, a party must not only establish that it reasonably believed that the representation made was true; it must also establish that it was justified in taking action in reliance upon that representation" (*Logalbo v. Plishkin, Rubano & Baum,* 197 AD2d 675 [2d Dept 1993]; *see also Braddock v Braddock* 60 AD3d 84 [1st Dept 2009]).

While their Amended Answer may set out a allegation that Plaintiff had an intent to deceive by allegedly staging the accident, the Moving Defendants do not set forth facts showing that they believed Plaintiffs' allegedly false statements (*see Dos v. Scelsa & Villacara*, 200 AD2d 705, [2d Dept 1994]; *Tag Mechanical Systems, Inc. v. V.I.P. Structures, Inc.*, 63 AD3d 1504 [4th Dept 2009]). Moving Defendants state that "the fraud allegation is based on evidence obtained during discovery and through investigation that revealed that this lawsuit arises from a staged accident that was planned, and in which plaintiff knowingly asserted claims of injury that bore no causal relation to the accident".

Moving Defendants contend that they relied on Plaintiffs and co-Defendants' misrepresentations by expending significant sums to defend the actions brought against them. Specifically, that they have been forced to make monetary payments to hire legal counsel, experts, and investigators.

However, the element of justifiable reliance requires that the party take some action because they reasonably believed the fraudulent statements to be true (*see Logalbo v. Plishkin, Rubano & Baum,* 197 AD2d 675 [2d Dept 1993]; *Verschell v. Pike*, 85 AD2d 690 [2d Dept 1981]; *Lanzi v. Brooks,* 54 AD2d 1057 [3d Dept 1976], *affd.* 43 NY2d 778 [1977]).

4

[* 4]

Here, the expenses in defending the actions were incurred because Moving Defendants did not accept Plaintiffs allegations as true, but instead contested them.

Both sides cited to the decision in *Ottoni v. Seatreak, LLC*, 2020 NY Slip OP 33282(U) [Sup Ct, NY County 2020]). However, that case offers little guidance in determining what constitutes justifiable reliance. In *Ottoni*, the Court allowed a counterclaim for fraud in a personal injury action where the allegations in Plaintiff's complaint were wildly different from her deposition, medical records, or any witness testimony.

However, the court in *Ottoni,* noted that reliance by the party claiming to have been defrauded is a necessary element of a claim for fraud. Although, the court cited discrepancies between the plaintiff's deposition testimony and the hospital records, the decision is silent as what factual allegations supported the element of justifiable reliance. The decision did not hold that defending a lawsuit based on a fraudulent claim constituted justifiable reliance on the plaintiff's allegations (*id*.).

By reason of the foregoing, the Moving Defendants' motions to amend must be denied.

As Moving Defendants' motions are being denied, the cross-motions to compel Defendants to provide the results of their investigation, in the event that the motions to amend were granted must also be denied as moot.

WHEREFORE, it is hereby ORDERED that Defendants THE COCA-COLA COMPANY, LIBERTY, and DENIS ZAGLADKO's motion to amend their answer, motion sequence #4 in action 518903/2020, is denied; and it is further,

5

ORDERED, that Defendants LIBERTY COCA-COLA BEVERAGES LLC and DENIS ZAGLADKO's motion to amend their answer, motion sequence #3 in action 519366/2020, is denied; and it is further,

ORDERED, that Plaintiff ISSA HAMDEN's cross-motion to compel Defendants LIBERTY COCA-COLA BEVERAGES LLC and DENIS ZAGLADKO, motion sequence #4 in action 519366/2020, is denied; and it is further,

ORDERED, that co-Defendants ARSALAN AHMED and TARIQ MAHMOOD's cross-motion to compel Defendants LIBERTY COCA-COLA BEVERAGES LLC and DENIS ZAGLADKO, motion sequence #5 in action 519366/2020, is denied.

This constitutes the Decision and Order of this Court.

E N T E R:

_____
JSC

6

[* 6]