U.S. Bank N.A. v Guido (2025 NY Slip Op 01004)

U.S. Bank N.A. v Guido

2025 NY Slip Op 01004

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-07372
 (Index No. 515267/20)

[*1]U.S. Bank National Association, etc., respondent,
v
Diane Guido, appellant, et al., defendants.

D'Amura & Zaidman, PLLC, Brooklyn, NY (Richard T. Lobas and Richard A. D'Amura of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diane Guido appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated July 27, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
The defendant Diane Guido (hereinafter the defendant) and her then-husband, Joseph Guido (hereinafter Joseph), acquired the subject property located in Brooklyn, in 1990. In 1993, the defendant and Joseph conveyed the property to the defendant.
On November 15, 2006, the defendant and Joseph executed and delivered to Bank of America (hereinafter BOA) a credit line mortgage (hereinafter CLM) with a credit limit of $250,000, which, by its terms, secured a home equity line of credit agreement. The CLM was used to facilitate the satisfaction of a Fleet National Bank open-end mortgage. On the same day, Joseph also signed a Bank of America equity maximizer agreement and disclosure statement (hereinafter the maximizer agreement) with the same credit limit as the CLM. The defendant did not sign the maximizer agreement.
On August 19, 2020, the plaintiff, BOA's assignee, commenced the instant action against, among others, the defendant and Joseph. The defendant interposed an answer, in which she raised lack of standing and fraud as affirmative defenses.
In January 2022, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her based on lack of standing and fraud. By order dated July 27, 2022, the Supreme Court denied the motion. The defendant appeals.
On a motion for summary judgment, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d 522, 523; Citicorp Mtge. v Adams, 153 AD3d 779, 780). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d [*2]at 60; see Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d at 523; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 585).
A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank National Trust Co. v Homar, 163 AD3d at 523). Here, the plaintiff produced the maximizer agreement, which the plaintiff claimed was the note secured by the CLM, as well as the written assignment establishing the plaintiff as the CLM's assignee. The language in the CLM and the maximizer agreement both described advances and readvances of funds and referred to a home equity line of credit. This, and the fact that the CLM and the maximizer agreement were both executed on the same day and for the same cash limit, were sufficient to raise a triable issue of fact as to whether the maximizer agreement was, in fact, the note secured by the CLM. That, along with the written assignment assigning the CLM together with the note described therein to the plaintiff, was sufficient to raise a triable issue of fact as to whether the plaintiff had standing to commence the action and was sufficient to defeat the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her on this issue (see Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d at 523).
"'Generally, to state a counterclaim or affirmative defense sounding in fraud, a defendant must allege that (1) the plaintiff made a representation or a material omission of fact which was false and the plaintiff knew to be false, (2) the misrepresentation was made for the purpose of inducing the defendant to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury'" (Emigrant Mtge. Co., Inc. v Public Adm'r of Kings County, 207 AD3d 437, 441, quoting Shah v Mitra, 171 AD3d 971, 975).
Here, the defendant alleged in an affidavit, inter alia, that BOA representatives informed her that it was necessary for her to execute the CLM to effectuate the satisfaction of the Fleet National Bank mortgage but that she was not informed of any need to execute a note in connection with the CLM, nor was she informed that, on the same day, Joseph executed such a note, thereby obtaining a line of credit issued to him, individually and without her knowledge, allegedly secured by the CLM on the property. It is undisputed that the CLM was executed by both the defendant and Joseph, whereas the maximizer agreement was executed solely by Joseph.
However, because the CLM explicitly stated that an active line of credit in the amount of $250,000 was being secured, the defendant failed to establish justifiable reliance (see Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 914). Accordingly, the defendant's submissions were insufficient to demonstrate, as a matter of law, that her execution of the CLM was procured through fraud (see generally id.).
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court