**Azuero v 204 4th Ave. LLC**

2025 NY Slip Op 31444(U)

April 23, 2025

Supreme Court, Kings County

Docket Number: Index No. 524721/2023

Judge: Wayne P. Saitta

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at 360 Adams Street, Brooklyn, New York, on the 23rd day of April , 2025.

P R E S E N T :

Hon. Wayne P. Saitta, Justice.

-------------------------------------------------------------------X

FRANKLIN AZUERO,,

Plaintiff,

Index No. 524721/2023

-against-

DECISION AND ORDER

204 4th AVENUE LLC, LEEDING BUILDERS GROUP, and GINDI CAPITAL LLC,

MS #1

Defendants,

-------------------------------------------------------------------X

The following papers numbered on this motion:

NYSCEF Doc Numbers

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 13-21 |
| Answering Affidavit (Affirmation) | 26 |
| Reply Affidavit (Affirmation) | 28-33 |
| Supplemental Affidavit (Affirmation) | |
| Pleadings –Exhibits | |
| Stipulations – Minutes | |
| Filed Papers | |

Plaintiff AZUERO commenced this action to recover damages for a construction site accident.

Defendants 204 4th AVENUE LLC, LEEDING BUILDERS GROUP, and GINDI CAPITAL LLC, move to amend their answer to allege an affirmative defense and counterclaim for fraud against Plaintiff.

Moving Defendants argue that evidence obtained during discovery and through

[* 1]

investigation revealed that the lawsuits are based on a staged incident in which Plaintiffs knowingly asserted claims of injury that bore no causal relation to the accident, forcing Defendants to expend considerable sums to investigate and defend against.

Plaintiffs argue that Moving Defendants have not established the elements necessary to support a fraud claim and that fraud is not a proper counterclaim in a personal injury negligence action to recover damages.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v. Silva*, 117 AD3d 917, 917 [2d Dept 2014])."The determination to permit or deny amendment is committed to the sound discretion of the trial court" (*id*.).

Here, Defendants have failed to adequately plead the required element of justifiable reliance .

"'[T]o state a counterclaim or affirmative defense sounding in fraud, a defendant must allege that (1) the plaintiff made a representation or a material omission of fact which was false and the plaintiff knew to be false, (2) the misrepresentation was made for the purpose of inducing the defendant to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury'" (*Emigrant Mortgage Company v. Public Administrator of Kings County*, 207 AD3d 437, 441 [2d Dept 2022], quoting *Shah v. Mitra,* 171 AD3d 971, 975 [2d Dept 2019]).

"'[T]o plead a claim for fraud in the inducement or fraudulent concealment, plaintiff must allege facts to support the claim that it justifiably relied on the alleged misrepresentations'" (*Ambac Assur. Corp v. Countrywide Home Loans Inc.,* 31 NY3d 569 [2018], quoting *ACA Fin. Guar. Corp. v. Goldman, Sachs & Co*., 25 NY3d 1043, 1044

[* 2]

[2015]; *Louis Seafood Rest LLC v Brown,* 199 AD3d 790 [2d Dept 2021]).

"In order to establish a cause of action to recover damages for fraud based upon misrepresentation, a party must not only establish that it reasonably believed that the representation made was true; it must also establish that it was justified in taking action in reliance upon that representation" (*Logalbo v. Plishkin, Rubano & Baum,* 197 AD2d 675 [2d Dept 1993]; *see also Braddock v Braddock* 60 AD3d 84 [1st Dept 2009]).

While their Amended Answer may set out an allegation that Plaintiff made numerous false statements and misrepresentations of facts by falsely reporting a workplace accident and mislead Defendants, the Moving Defendants do not set forth facts showing that they believed Plaintiffs' allegedly false statements (*see Dos v. Scelsa & Villacara, 200 AD2d 705, [2d Dept 1994]; Tag Mechanical Systems, Inc. v. V.I.P. Structures, Inc.,* 63 AD3d 1504 [4th Dept 2009]).

Moving Defendants contend that because of co-Defendants' misrepresentations they were forced to expend considerable sums to defend the actions brought against them.

However, the element of justifiable reliance requires that the party take some action because they reasonably believed the fraudulent statements to be true (*see Logalbo v. Plishkin, Rubano & Baum,* 197 AD2d 675 [2d Dept 1993]; *Verschell v. Pike*, 85 AD2d 690 [2d Dept 1981]; *Lanzi v. Brooks,* 54 AD2d 1057 [3d Dept 1976], *affd.* 43 NY2d 778 [1977]).

Here, the expenses in defending the actions were incurred because Moving Defendants did not accept Plaintiffs allegations as true, but instead contested them.

By reason of the foregoing, the Moving Defendants' motions to amend must be denied.

As Moving Defendants' motions are being denied, the cross-motions to compel

[* 3]

Defendants to provide the results of their investigation, in the event that the motions to amend were granted must also be denied as moot.

WHEREFORE, it is hereby ORDERED that Defendants 204 4th AVENUE LLC, LEEDING BUILDERS GROUP, and GINDI CAPITAL LLC's, motion to amend their answer, is denied.

This constitutes the Decision and Order of this Court.

E N T E R:

_____
JSC

[* 4]