955 Seneca, LLC v Kings Juice Bar, Inc. (2025 NY Slip Op 51985(U))

[*1]

955 Seneca, LLC v Kings Juice Bar, Inc.

2025 NY Slip Op 51985(U)

Decided on December 12, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., WAVNY TOUSSAINT, MARINA CORA MUNDY, JJ

No. 2024-385 Q C

955 Seneca, LLC, Respondent,
against
Kings Juice Bar, Inc., Appellant. 

Law Office of Jay Berg (Paul E. Kerson and Jay Berg of counsel), for appellant.
Jeffrey W. Toback, P.C. (Jeffrey W. Toback of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Queens County (John C.V. Katsanos, J.), entered April 25, 2024. The final judgment, entered pursuant to an order of the same court dated April 24, 2024 granting, in effect on default, landlord's motion to strike tenant's defenses and counterclaims and for a final judgment, awarded landlord possession in a commercial nonpayment summary proceeding.

ORDERED that the appeal is dismissed.
A final judgment awarding landlord possession in this commercial nonpayment proceeding was entered on April 25, 2024, pursuant to an April 24, 2024 order of the Civil Court (John C.V. Katsanos, J.) granting a motion by landlord to strike tenant's defenses and counterclaims, and for a final judgment. Since the record demonstrates that the Civil Court rejected tenant's opposition papers as untimely, landlord's motion was, in effect, granted on tenant's default in opposing it (cf. Matter of 144 Stuyvesant, LLC v Goncalves, 119 AD3d 695 [2014]). "No appeal lies from an order or judgment granted upon the default of the aggrieved party. This rule applies as well to judgments entered pursuant to orders granted upon default" (Lumbermen's Mut. Cas. Co. v Fireman's Fund Am. Ins. Co., 117 AD2d 588, 588 [1986] [citations omitted]; see CPLR 5511; Proano v Gutman, 211 AD3d 978, 980 [2022]; HCA Equip. Fin., LLC v Mastrantone, 118 AD3d 850, 851 [2014]). As tenant has not raised any issue that was the subject of contest below, the appeal must be dismissed (see HSBC Bank USA, N.A. v Epstein, 199 AD3d 790 [2021]). Tenant's "remedy under these circumstances is not an appeal [*2]but a motion to vacate the judgment pursuant to CPLR 5015" (id. at 790).
Accordingly, the appeal is dismissed.
OTTLEY, J.P., TOUSSAINT and MUNDY, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 12, 2025